■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BEATRICE WESLEY, Appellant.— Judgment unanimously affirmed. Memorandum: This was a pre-*Miranda* trial and the only question raised on appeal stems from the admission on the trial of a portion of defendant's question and answer statement. On January 4, 1965 the police investigated a killing which had taken place at about 6:00 P.M. after an altercation in defendant's home. At 8:30 P.M. a 25-page question and answer statement was obtained from defendant in which she related the events before the shooting and admitted that she "got the gun", observed it was loaded, pointed it at her brother and told him to get out; that while she was trying to shoot her brother the gun went off and she accidently shot the boarder. This was a complete confession. At the end thereof on page 17 defendant stated that she had told the truth and that the confession was made of her own free will and without any coercion. At this point she was asked if she would like to have an attorney and replied, "Sure I would, I need one". It may well be that inasmuch as defendant did not yet have counsel she should not have been questioned any further after making that answer. (Cf. *People* v. *Sanchez*, 15 N Y 2d 387.) However, in any event, the only portion of the confession introduced at trial was questions and answers given before she requested counsel and the questions and answers contained in the next eight pages were not received in evidence. Furthermore, no new information was elicited in the excluded portion which in any way prejudiced the defense. In light of the court's decision following the *Huntley* hearing we conclude that the first 17 pages were properly received in evidence. In *People* v. *Failla* (14 N Y 2d 178), relied upon by the defendant, the questioning of defendant began at 2:58 A.M. and was concluded at 4:45 A.M.; defendant's attorney contacted the police at about 3:00 A.M. and was told that he could not see his client. In these circumstances the confession was held to be inadmissible on the trial under the authority of *People* v. *Donovan* (13 N Y 2d 148). In the instant case defendant did not have an attorney at any time during the questioning and the trial court did not admit anything she said after she had requested a lawyer. Furthermore, the trial court, after considering "all the various issues raised including the alleged duress and coercion and the alleged demands for the services of a lawyer", found beyond a reasonable doubt that defendant's confession was voluntary. No claim is made that such a finding is contrary to the weight of the evidence. On this appeal defendant argues that the court should have made a specific finding that she did not request counsel before she made her statement. We conclude, however, that implicit in the court's decision is a finding that there never was a request for an attorney prior to her reply that she would need one. Upon the authority of *People* v. *Rivera* (21 N Y 2d 871), we believe it unnecessary to make such a specific finding. It is significant that the court also submitted this question to the jury with an instruction that if the confession was made after defendant had demanded an attorney the jury was to disregard it. Implicit in the verdict is a finding that no request for counsel was made prior to defendant's confession. (Appeal from judgment of Monroe County Court convicting defendant of manslaughter, second degree.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.